1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   NAPOLEON CARTER,

11          Plaintiff,                    No. CIV S-07-1739 GEB DAD P

12       vs.

13   T. WALKER,

14          Defendant.              FINDINGS AND RECOMMENDATIONS

15   _____/

16          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.

18   This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule

19   72-302 and 28 U.S.C. § 636(b)(1).

20          The court is required to screen all complaints brought by prisoners seeking relief

21   against a governmental entity or an officer or employee of a governmental entity.  28 U.S.C.

22   § 1915A(a).  The court must dismiss a complaint or claims within a complaint if the prisoner has

23   raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief

24   may be granted, or that seek monetary relief from a defendant who is immune from such relief.

25   28 U.S.C. § 1915A(b)(1) and (2).

26   /////

1    In the present case, plaintiff has filed a complaint, claiming that he witnessed

2  prison medical staff pass out unauthorized medication to inmates.  The Prison Litigation Reform

3  Act (PLRA) of 1995, 42 U.S.C. § 1997e was amended to provide that "[n]o action shall be

4  brought with respect to prison conditions under section 1983 of this title, or any other Federal

5  law, by a prisoner confined in any jail, prison, or other correctional facility until such

6  administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The United

7  States Supreme Court has considered "whether or not a remedial scheme is 'available' where . . .

8  the administrative process has authority to take some action in response to a complaint, but not

9  the remedial action an inmate demands to the exclusion of all other forms of redress."  Booth v.

10 Churner, 532 U.S. 731, 736 (2001).  The Court concluded that Congress has mandated

11 exhaustion of prison administrative procedures "regardless of the relief offered through [such]

12 procedures."  Id. at 741.  In addition, the Court emphasized that it "will not read futility or other

13 exceptions into statutory exhaustion requirements where Congress has provided otherwise."  Id.

14 at 741 n.6.

15    Under regulations governing prison grievance procedures in California, state

16 prisoners "may appeal any departmental decision, action, condition, or policy which they can

17 reasonably demonstrate as having an adverse effect upon their welfare."  Cal. Code Regs. tit. 15,

18 § 3084.1(a).  The administrative appeal system progresses from an informal review through three

19 formal levels of review.  See Cal. Code Regs. tit. 15, §§ 3084.1-3084.7.  In light of the Supreme

20 Court's holding in Booth v. Churner, a California prisoner must file a prison grievance on all

21 claims challenging prison conditions and, as a general rule, proceed to the Director's level of

22 review prior to bringing a § 1983 action on those claims, regardless of whether the relief sought

23 by the prisoner is available through the administrative appeal system.

24    A prisoner's concession to nonexhaustion is a valid ground for dismissal of an

25 action.  Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003).  On plaintiff's form complaint,

26 Question II.B. asks "Have you filed a grievance concerning the facts relating to this complaint?"

1   Plaintiff has checked the "Yes" box.  However, Question II.C. asks "Is the grievance process

2   completed?"  Plaintiff has checked the "No" box. (Compl. at 4.)  If a court concludes, that a

3   prisoner has not exhausted administrative remedies, "the proper remedy is dismissal of the claim

4   without prejudice." Wyatt, 315 F.3d at 1120.  Here, plaintiff has conceded his failure to exhaust.

5   Accordingly, the undersigned will recommend that this action be dismissed without prejudice

6   due to plaintiff's failure to exhaust administrative remedies prior to filing suit.[1]

7            Plaintiff is informed that if he decides to file a new action, he should not include

8   this case number on the new complaint.  In addition, the new complaint should be accompanied

9   by a properly completed, updated application to proceed in forma pauperis.

10           In accordance with the above, IT IS HEREBY RECOMMENDED that:

11           1.  Plaintiff's August 27, 2007 application to proceed in forma pauperis be denied;

12   and

13           2.  This action be dismissed without prejudice for failure to exhaust administrative

14   remedies.

15           These findings and recommendations are submitted to the United States District

16   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

17   days after being served with these findings and recommendations, plaintiff may file written

18   objections with the court.  A document containing objections should be titled "Objections to

19   Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

20   /////

21   /////

22   /////

23   /////

24   /////

25

26   [1] Dismissal without prejudice may permit plaintiff to file a new action upon exhaustion of the prison grievance process.

3

1  objections within the specified time may waive the right to appeal the District Court's order.  See

2  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3  DATED: September 17, 2007.

4

5

_____

DALE A. DROZD

6  UNITED STATES MAGISTRATE JUDGE

7  DAD:9
cart1739.efr

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26